1  Jorge A. Ramirez, Esq.
   Nevada Bar No.  6787
2  Mark C. Severino, Esq.
   Nevada Bar No. 14117
3  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   300 South Fourth Street, 11th Floor
4  Las Vegas, NV  89101
   (702) 727-1400; FAX (702) 727-1401
5  Jorge.Ramirez@wilsonelser.com
   Mark.Severino@wilsonelser.com
6  *Attorneys for defendant GGP Meadows Mall, LLC d/b/a Meadows Mall*

7             **UNITED STATES DISTRICT COURT**

8                **DISTRICT OF NEVADA**

9  LYNN GUIWAN, individually,          | No. 2:17-cv-02480-JCM-GWF

10            Plaintiff,               | **STIPULATION FOR EXTENSION OF**
                                       | **DISCOVERY DEADLINES**
11 v.                                  | **(Second Request)**

12 GGP Meadows Mall, LLC, d/b/a MEADOWS
   MALL, a foreign  Limited Liability Company; DOE
13 EMPLOYEE; DOES BUSINESS ENTITIES I
   through XXX,  inclusive,

14            Defendants,

15

16     The above named parties, by and through their respective counsel of record, hereby submit

17 the following STIPULATION FOR EXTENSION OF DISCOVERY DEADLINES (Second

18 Request).

19     A.    **DISCOVERY COMPLETED TO DATE**

20     This matter involves a slip and fall at Defendant GGP Meadows Mall.  On October 18, 2017,

21 the parties held an initial Rule 26(f) Conference.  On November 3, 2017, the Court entered a

22 Stipulated Discovery Plan/Scheduling Order.  Defendant served its initial disclosure of witnesses

23 and documents on November 10, 2017.  Plaintiff served her initial disclosure of witnesses and

24 documents on November 2, 2017.

25     On November 27, 2017, Plaintiff propounded a First Set of Interrogatories and First Set of

26 Requests for Production of Documents upon Defendant.  Defendant served its responses to those

27 written discovery requests on February 14, 2018.  On December 12, 2017, Defendant propounded a

28 First Set of Interrogatories, First Set of Requests for Admission and First Set of Requests for

Production of Documents upon Plaintiff. Plaintiff served her responses to those written discovery requests on February 8, 2018.

On January 22, 2018, the Plaintiff served her first supplement to his initial disclosures and made her initial expert disclosures. Defendant made its initial expert disclosures on that same date. On February 13, 2018, Defendant served its first supplement to the initial disclosure of witnesses and documents which included a surveillance video depicting the incident. The parties took the deposition of Plaintiff on February 22, 2018.

Defendant served its second supplement to its initial disclosures on March 13, 2018. Thereafter, Defendant served its first supplements to its expert disclosures on April 23, 2018, and Defendant served it third supplement to its initial expert disclosures on April 24, 2018. Plaintiff served her first supplement to her expert disclosures and second supplement to her initial disclosres on April 24, 2018 as well.

On May 2, 2018, the Parties took the deposition of Defendant's 30(b)(6) witness. Defendant made its second supplemental expert disclosures on May 14, 2018.

Currently, the parties have the following depositions noticed:

| | |
|---|---|
| Plaintiff's Expert Thomas Dunn, MD: | May 24, 2018 |
| Plaintiff's Expert Thomas Jennings: | May 29, 2018 |
| Percipient witness Erik Khachatryan: | June 4, 2018 |
| Percipient Witness Pascual Hernandez: | June 4, 2018 |

Due to an inadvertent error, a stipulated protective order was not entered until May 7, 2018. Now that a protective order is in place, Defendant will be serving supplemental disclosures in the very near future.

Further, Defendant's 30(b)(6) witness identified matters that may need further discovery, which may require additional depositions of percipient and/or 30(b)(6) witnesses. Additionally, Defendant has requested Plaintiff's medical records and films directly from her medical providers through records authorizations provided by Plaintiff. Defendant has received some, but not all, of the requested records and films.

**B.     DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties need additional time to identify and schedule the depositions of the witnesses of people depicted on the surveillance video.  Plaintiff needs additional time to investigate matters brought to light during Defendant's 30(b)(6) witness' deposition.  Defendant is still obtaining Plaintiff's medical records through authorizations provided by Plaintiff.  Defendant needs to conduct at least two of Plaintiff's treating healthcare providers once Defendant has received all of Plaintiff's medical records directly from the providers.

The parties also anticipate conducting the depositions of any designated expert witnesses. Depositions of Plaintiff's experts are scheduled, but the deposition of Defendant's expert is not yet. Further, Plaintiff suffered prior injuries in a prior accident to portions of her body allegedly injured in the subject slip and fall.  As a result, the Defendant needs more time to explore Plaintiff's prior injury, which includes obtaining prior worker's compensation, employment, and medical records. This discovery may lead to the discovery of additional witness which will require deposition to be taken.

**C.     REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED**

The parties are still in the process of identifying the witnesses depicted on the video surveillance as the witnesses are not employed by Defendant.  Once the parties identify these witnesses, they will schedule their depositions.

Also, as noted, Defendant's 30(b)(6) witness brought to light issues which need additional discovery.  This may lead into deposing yet unidentified witnesses.  Further, Defendant is still in the process of obtaining all of Plaintiff's medical records and films.  Defendant needs to obtain those records before conducting the depositions of Plaintiff's treating healthcare providers.  As stated, Defendant has not received all of the medical records and films it has previously requested.  This unexpected delay that the parties could not overcome despite best efforts and good cause exists for the requested extension.  The parties need additional time to resolve these issues, and an extension of time is necessary to do so.

All of this discovery cannot be completed prior to the current disclosure deadlines. The parties believe they can get the needed information and complete disclosures with an additional ninety days. Accordingly, the parties request a ninety day extension of the current discovery deadlines.

### D.    PROPOSED DISCOVERY SCHEDULE

| Event Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Rebuttal Expert Disclosures | May 22, 2018 | **July 23, 2018** |
| Discovery Cut-Off | June 19, 2018 | **August 20, 2018** |
| Last Day to File Dispositive Motions | July 19, 2018 | **September 19, 2018** |
| Joint Pre-Trial Order | August 20, 2018 | **October 22, 2018** |

Dated this 21st day of May, 2018.          Dated this 21st day of May, 2018.

**LADAH LAW FIRM**                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Joseph C. Chu*                    */s/ Mark C. Severino*
Ramzy P. Ladah, Esq.                  Jorge A. Ramirez, Esq.
Nevada Bar No. 11405                  Nevada Bar No. 6787
Joseph C. Chu, Esq.                   Mark C. Severino, Esq.
Nevada Bar No. 11082                  Nevada Bar No. 14114
517 S. Third Street                   300 South Fourth Street, 11th Floor
Las Vegas, NV 89101                   Las Vegas, NV 89101
(702) 252-0055; FAX (702) 248-0055    (702) 727-1400; FAX (702) 727-1401
*Attorneys for plaintiff*             *Attorneys for defendant GGP Meadows Mall, LLC d/b/a Meadows Mall*

IT IS SO ORDERED.

Dated this __25th__ day of __May_____, 2018.

_____
UNITED STATES MAGISTRATE JUDGE