UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYNN GUIWAN, | Case No. 2:17-CV-2480 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| GGP MEADOWS MALL LLC, | |
| Defendant(s). | |

Presently before the court is defendant GGP Meadows Mall, LLC's ("Meadows Mall") motion for summary judgment. (ECF No. 23). Plaintiff Lynn Guiwan filed a response (ECF No. 27), to which Meadows Mall replied (ECF No. 28).

**I.    Facts**

This action arises out of a slip and fall incident that took place at the Meadows Mall, located at 4300 Meadows Lane, Las Vegas, Nevada. (ECF No. 1).

On the afternoon of September 20, 2015, Guiwan was at the Meadows Mall with her husband and daughter. (ECF No. 23-2). At approximately 2:54 p.m., an unidentified woman walked through the mall's lower level center hallway and dropped her drink on the floor. (ECF No. 23-4). After about six minutes, a kiosk vendor placed a bar stool next to the spill so that pedestrians could avoid stepping on the spill. *Id*. At around 3:07 p.m., Guiwan slipped on the spill and fell to the floor. *Id*. Shortly thereafter, Paul Hernandez, a mall porter arrived to the scene to and cleaned the spill. (ECF No. 27-1).

On July 27, 2017, Guiwan initiated this action in state court, asserting two negligence causes of action for (1) premises liability and (2) negligent hiring, training, and supervision. (ECF No. 1). On September 22, 2017, Meadows Mall removed this action to federal court. *Id*.

Through the course of discovery, Guiwan learned that Meadows Mall had a video patrol officer who used security cameras to observe activities in the mall and, when necessary, dispatch security to the scene. (ECF No. 27-3). Meadows Mall also requires kiosk vendors to contact mall security to report any spills occurring outside of their respective kiosk tasks. (ECF No. 23-9). Meadows Mall does not equip kiosk venders with landline phones or radios. *Id.*

Guiwan also learned that Hernandez acquired employment as a mall porter at Meadows Mall with no previous janitorial experience and received only one hour of training. (ECF No. 27-1). His tasks as a mall porter required him to complete and record 42 "sweeps", complete 12 bathroom-cleaning trips, and replace 18 industrial trash cans in a single eight-hour shift. *Id.* Video evidence shows that Hernandez's sweep sheets are inaccurate and that he did not timely sweep the mall's lower level central hallway prior to Guiwan's slip and fall. (ECF Nos. 23-4, 27-1).

Now, Meadows Mall moves for summary judgment on all causes of action.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case,

the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

**James C. Mahan**
**U.S. District Judge**

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

A plaintiff must establish four elements to succeed on a negligence claim: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008). Meadows Mall argues that the court should grant summary judgment because Guiwan has not provided any evidence showing that Meadows Mall breached its duty of care. (ECF No. 23). The court addresses Guiwan's negligence claims in turn.

*a. Premises liability*

While a property owner or occupant is not required to act as an insurer of safety for visitors, a business has "a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (1993). "Traditionally, where a foreign substance causing a slip and fall results from the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).

Guiwan has provided sufficient evidence to establish a genuine dispute of material fact with regards to constructive notice. Video evidence shows that the spill was on the floor for 13 minutes before Guiwan slipped and fell. (ECF No. 23-4); *see Rios v. Walmart Inc.*, 740 F. App'x 582, 583 (9th Cir. 2018) (holding that a reasonable jury could find that a spill that existed for two minutes and twelve seconds created constructive notice). In addition, Meadows Mall had a video patrol officer and a mall porter on duty. (ECF Nos. 27-1, 27-3). Under these circumstances, whether Meadows Mall had constructive notice is a triable issue of fact.

*b. Negligent hiring, training, and supervision*

"The tort of negligent hiring imposes a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that" he or she is suitable for the position. *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev.1991). An employer also "has a duty to use reasonable care in the training, supervising, and retention of his or her employees . .

." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996) (citing 27 Am. Jr. 2d *Employment Relationship* §§ 475–76 (1996)).

Meadows Mall hired Hernandez, who had no janitorial experience, as a mall porter and provided Hernandez with only one hour of training. (ECF No. 27-1). Hernandez was unable to perform his job duties and inaccurately filled out his sweep sheets to conceal his deficient performance. (ECF Nos. 23-4, 27-1). Nothing in the record indicates that Meadows Mall knew that Hernandez was falsely filling out sweep sheets or that Meadows Mall took any action to ensure that Hernandez was carrying out his job duties.

These facts substantially support Guiwan's allegation that Meadows Mall negligently hired, trained, and supervised Hernandez. Therefore, the court will not grant summary judgment in favor of Meadows Mall. *See Celotex Corp.*, 477 U.S. at 323–24 (holding that summary judgment is inappropriate if a moving party that does not bear the burden of proof fails to negate an element or show that the nonmoving party did not make a sufficient showing of an element).

**IV. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Meadows Mall's motion for summary judgment (ECF No. 23) be, and the same hereby is, DENIED.

The parties shall submit a proposed joint pre-trial order in compliance with Local Rule 26-1(b)(5) within thirty (30) days from the date of this order.

DATED May 29, 2019.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE